## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**DAWN A. SOCHA,**

        **Plaintiff,**

                                   **Case No. 2:18-cv-10307**

    **v.**                                **Magistrate Judge Norah McCann King**

**ANDREW SAUL,**
**Commissioner of Social Security,**

        **Defendant.**

### OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Dawn A. Socha[1] for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's applications. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff filed her applications for disability insurance benefits and supplemental security income on May 15, 2014, alleging that she has been disabled since September 6, 2013. R. 169–77. The applications were denied initially and upon reconsideration. R. 92–97, 107–09. Plaintiff

---

[1] The Court's docket erroneously lists Plaintiff's name as "Socha A. Dawn."

sought a *de novo* hearing before an administrative law judge. R. 110–13. Administrative Law Judge Ricardy Damille ("ALJ") held a hearing on January 24, 2017, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 33–55. In a decision dated March 9, 2017, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 6, 2014, the alleged disability onset date, through the date of that decision. R. 19–27. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 27, 2017. R. 4–8. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On December 7, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 9.[2] On March 12, 2020, the case was reassigned to the undersigned. ECF No. 23. The matter is now ripe for disposition.

## II.   LEGAL STANDARD

### A.      Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565

---

[2]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

(1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at \*4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at \*4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at \*4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at \*3 (D.N.J. Aug. 9, 2016).  The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at \*4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists

only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482.  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to

scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

**B.      Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§

404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.    ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 46 years old on her alleged disability onset date. R. 26.[3]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since that date. R. 21.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine and thoracic facet syndrome. *Id.* The ALJ also found that Plaintiff's hypertension, fibromyalgia, and migraine headaches were not severe impairments. R. 21–23.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 23.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 23–26. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a photographer helper and project manager. R. 26.

At step five, the ALJ found that a significant number of jobs–*i.e.*, approximately 20,000 jobs as an information clerk; and approximately 45,000 jobs as a storage rental clerk–

---

[3] This age, 46 years old, is defined as a younger individual (ages 18–49). *Id.* Plaintiff subsequently changed age category to closely approaching advanced age. *Id.* (citing 20 C.F.R. §§ 404.1563, 416.963).

existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 27. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from September 6, 2013, her alleged disability onset date, through the date the decision. *Id.*

Plaintiff disagrees with the ALJ's findings at step five and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 21. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 22.

## IV.    DISCUSSION

Plaintiff raises a number of challenges, including that the ALJ erred at step five of the sequential evaluation because he relied on the vocational expert's testimony, which was inconsistent with the Dictionary of Occupational Titles ("DOT")[4] and which did not reasonably explain this conflict. *Plaintiff's Moving Brief*, ECF No. 21, pp. 28–37. This Court agrees.

"As a general rule, occupational evidence provided by a [vocational expert] should be consistent with the occupational evidence presented in the DOT." *Zirnsak v. Colvin*, 777 F.3d 607, 617 (3d Cir. 2014)(citing SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). "To ensure consistency, courts have imposed an obligation on ALJs to '[i]dentify and obtain a reasonable

---

[4] The DOT is a "publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy;" ALJs generally consult the DOT to determine whether any jobs exist that a claimant can perform. *Burns v. Barnhart*, 312 F.3d 113, 119 (3d Cir. 2002).

explanation for any conflicts between occupational evidence provided by [vocational experts] . . . and information in the [DOT].'" *Id.* (quoting SSR 00-4p at *1). "Specifically, an ALJ is required to (1) ask, on the record, whether the [vocational expert's] testimony is consistent with the DOT, (2) 'elicit a reasonable explanation' where an inconsistency does appear, and (3) explain in its decision 'how the conflict was resolved.'" *Id.* (quoting *Burns*, 312 F.3d at 127). "An ALJ's failure to comply with these requirements may warrant remand in a particular case[,]" but "the presence of inconsistencies does not mandate remand, so long as "'substantial evidence exists in other portions of the record that can form an appropriate basis to support the result.'" *Id.* (quoting *Rutherford*, 399 F.3d at 557).

A vocational expert may rely on his or her own experience in addition to the DOT when determining whether an individual is capable of performing any jobs. *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x 183, 189–90 (3d Cir. 2007) (finding the ALJ did not err in relying on a vocational expert who based his opinion on thirty years of his experience); *Butler v. Colvin*, No. CIV. 13-7488, 2015 WL 570167, at *9 (D.N.J. Feb. 11, 2015) (noting that Judges in the Third Circuit "have encouraged" vocational experts "to rely on their experiences rather than solely on the DOT").

Here, the ALJ determined that Plaintiff had the RFC to perform light[5] work subject to certain additional limitations:

---

[5] Light work involves "lifting no more than 20 pounds at a time with *frequent lifting or carrying of objects weighing up to 10 pounds*. . . . *[A] job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls*. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b) (emphasis added); *see also id.* at § 416.967(b) (same). "*Relatively few unskilled light jobs are performed in a seated position*. 'Frequent' means occurring from one-third to two-thirds of the time. *Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of*

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: *she can stand and or walk for 2 hours in an 8 hour day*. She can occasionally climb ramps and stairs but never climb ladders, ropes and scaffolds. She can occasionally balance, stoop, crouch, kneel and crawl. She must avoid all exposure to extreme cold and wetness. She must be afforded the option to alternate from sitting to standing so long as she is not off task for more than 10% of the workday. She can understand, remember and carry out simple instructions.

R. 23 (emphasis added).

At step five, the fourth hypothetical question[6] posed by the ALJ to the vocational expert assumed a claimant with Plaintiff's vocational profile and this RFC. R. 52–54. The vocational expert responded that the jobs of information clerk and storage facility rental clerk—jobs identified in the DOT as light—would be appropriate for such an individual. R. 53–54. The ALJ did not ask the vocational expert if her testimony was consistent with the DOT. *See generally* R. 52–55. However, the ALJ nevertheless concluded at step five that the vocational expert's testimony was consistent with the DOT:

If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21 and Rule 202.14. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that

---

*approximately 6 hours of an 8-hour workday*. Sitting may occur intermittently during the remaining time." SSR 83-10 (emphasis added); *see also Jesurum v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, 48 F.3d 114, 119 (3d Cir. 1995) ("The Secretary has further explained this definition [of light work in the DOT] in Social Security Ruling 83-10 by stating that light work generally requires the ability to stand and carry weight for approximately six hours of an eight hour day.").

[6] The third hypothetical posed to the vocational expert assumed a claimant with Plaintiff's vocational profile and the same RFC except for being off task for no more than 5% of the workday and the fourth hypothetical reflected the same profile and restrictions except for being off task no more than 10%. R. 54.

given all of these factors the individual would be able to perform the requirements of representative occupations such as:

> 1. Information clerk (DOT 237.367-018) a light, SVP 2 occupation with 20,000 jobs in the national economy; and
> 2. Storage facility rental clerk (DOT code 295.367-026) a light, SVP 2 occupation with 45,000 jobs in the national economy.

Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

R. 27. The ALJ went on to rely on the vocational expert's testimony and found that, despite her impairments, Plaintiff could perform work that exists in significant numbers in the national economy and concluded that Plaintiff was therefore not disabled. R. 27.

Plaintiff argues, *inter alia*, that despite the ALJ's failure to ask the vocational expert if her testimony was consistent with the DOT, the vocational expert's opinion was in fact inconsistent with the DOT, and that the vocational expert did not sufficiently explain that inconsistency. *Plaintiff's Moving Brief*, ECF No. 21, pp. 28−35. Plaintiff specifically contends that the vocational expert's testimony is inconsistent with the DOT in light of Plaintiff's limitations to walking or standing for only two hours out of an eight-hour day, needing a sit/stand option, and being off task for up to 10% of the workday. The Commissioner takes the position that the ALJ sufficiently complied with the requirements of SSR 83-12, which directs the ALJ to obtain vocational expert assistance when a claimant's RFC falls between two grid rules, *i.e.*, between light and sedentary exertion, and where, as here, the claimant's ability to perform light work is reduced by limitations in standing and walking. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 22, pp. 9−13. Defendant also rejects Plaintiff's argument that the vocational expert's testimony conflicts with the DOT because the DOT is silent with respect to a sit/stand option, being off-task, and requiring a job with sitting/standing requirements between exertional levels. *Id*. at 12−13.

11

Defendant's arguments are not well taken. It is true that, where the DOT is silent as to a sit/stand option and being off task, such silence on these specific issues does not necessarily create a conflict requiring remand. *See Sanborn v. Comm'r of Soc. Sec.*, 613 F. App'x 171, 177 (3d Cir. 2015) (concluding that the DOT's silence as to sit/stand option does not conflict with jobs identified by the vocational expert); *cf. Kowal v. Saul*, No. CV 18-1350, 2020 WL 490962, at *3 (W.D. Pa. Jan. 30, 2020) (finding that the ALJ was entitled to rely upon the vocational expert's testimony where such expert testified that her testimony was consistent with the DOT with the exception of, *inter alia*, an off task limitation). However, in this case, an apparent conflict exists between the ALJ's limitation to two hours of standing/walking and the two light jobs identified by the vocational expert. As previously noted, light work requires an ability to walk and stand for six hours a day or an ability to sit most of the day but with an ability to engage in some pushing and pulling of arm or leg controls. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10. Here, the ALJ found that Plaintiff had the RFC to perform a limited range of light work, *i.e.*, limited to, *inter alia*, two hours of walking/standing in an eight-hour workday. R. 23. The vocational expert identified two light, unskilled jobs, *i.e.*, information clerk and storage-facility rental clerk, as appropriate for an individual with the RFC ultimately adopted by the ALJ. R. 23, 53–54. The ALJ, however, did not ask the vocational expert whether these identified jobs conflicted with the DOT in light of Plaintiff's RFC. *See generally* R. 52–55. Accordingly, there is no vocational expert testimony that either of the two identified jobs would permit standing or walking for only two hours rather than six hours in an eight-our workday. *See id*. Notably, it is not clear from the DOT's job descriptions how these light jobs would accommodate someone with Plaintiff's RFC, particularly Plaintiff's limitation to only two hours of standing or walking. *See* Dictionary of Occupational Titles, §§ 237.367-018 (information

12

clerk), 295.367-026 (storage-facility rental clerk).[7] For example, the storage-facility rental clerk

requires walking, *i.e.*, inspecting storage area periodically, cleaning, and maintaining premises.

*Id*. at § 295.367-026. And the DOT description of neither job would indicate that either job

requires or accommodates sitting most of the time *with some pushing and pulling of arm or leg*

*controls. See id.,* §§ 237.367-018, 295.367-026; *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b);

SSR 83-10. The vocational expert's testimony therefore did not establish that Plaintiff's RFC

would permit the performance of jobs in this DOT classification.  Based on this record, the Court

finds that an apparent conflict exists between the RFC found by the ALJ, which limited Plaintiff

to two hours of standing/walking, and the two light jobs identified by the vocational expert; the

Court further finds that the ALJ did not identify or explain this conflict. R. 27 (concluding

without supporting vocational expert testimony that the expert's testimony identifying storage-

---

[7] An information clerk under this title performs the following duties: "Provides travel
information for bus or train patrons: Answers inquiries regarding departures, arrivals, stops, and
destinations of scheduled buses or trains. Describes routes, services, and accommodations
available. Furnishes patrons with timetables and travel literature. Computes and quotes rates for
interline trips, group tours, and special discounts for children and military personnel, using rate
tables." *Id*. at § 237.367-018. A storage-facility rental clerk performs the following duties:

> Leases storage space to customers of rental storage facility: Informs customers of
> space availability, rental regulations, and rates. Assists customers in selection of
> storage unit size according to articles or material to be stored. Records terms of
> rental on rental agreement form and assists customer in completing form.
> Photographs completed form and customer to establish identification record, using
> security camera. Computes rental fee and collects payment. Maintains rental status
> record and waiting list for storage units. Notifies customers when rental term is
> about to expire or rent is overdue. Inspects storage area periodically to ensure
> storage units are locked. Observes individuals entering storage area to prevent
> access to or tampering with storage units by unauthorized persons. Loads film into
> security and surveillance cameras, records dates of film changes, and monitors
> camera operations to ensure performance as required. Cleans facility and maintains
> premises in orderly condition.

*Id*. at § 295.367-026.

facility rental clerk and information clerk is consistent with the DOT), 52−55 (reflecting no vocational expert testimony that her testimony was consistent with the DOT).

It is true that an unexplained conflict between vocational expert testimony and the DOT does not necessarily require remand. *See Zirnsak*, 777 F.3d at 617 (stating that "the presence of inconsistencies does not mandate remand, so long as 'substantial evidence exists in other portions of the record that can form an appropriate basis to support the result'") (citations omitted); *Rutherford,* 399 F.3d at 558 (finding that vocational expert testimony provided substantial evidence for ALJ's step 5 finding even where minor inconsistencies existed between that testimony and DOT); *Jones v. Barnhart*, 364 F.3d 501, 506 (3rd Cir. 2004) (concluding that substantial evidence supported step 5 determination where inconsistencies between vocational expert testimony and DOT existed, but such inconsistencies did not exist as to all of the jobs identified by the vocational expert and the vocational expert further testified that listed jobs were simply examples and not an exhaustive list). Here, however, more than minor inconsistences exist and the Court cannot conclude that there exists substantial evidence in other portions of the record sufficient to support the result in this case. Both jobs that the vocational expert identified appear to be inconsistent with Plaintiff's RFC, which permits only two hours of standing/walking in an eight-hour workday. *Cf. Barry v. Colvin*, No. 15-598, 2016 WL 1255331, at * (W.D. Pa. Mar. 31, 2016) ("Given the VE's failure to testify that his testimony was consistent with the DOT, I think that it should have been obvious to the ALJ that there should have been an inquiry as to any inconsistencies. This factor thus weighs in favor of a remand."). Significantly, the vocational expert testified that Plaintiff could not perform her past relevant work and that the two identified jobs, storage-facility rental clerk and information clerk, were the only two light jobs that would be appropriate for someone with Plaintiff's RFC. R. 52−54; *see also Crawford v.*

14

*Comm'r of Soc. Sec.*, No. 2:14-CV-4533, 2015 WL 4879221, at *7–9 (D.N.J. Aug. 14, 2015) (remanding where, *inter alia*, "[t]he vocational expert did not provide, nor did the ALJ cite, other evidence of jobs in the national economy that lay within Crawford's RFC"); *cf. Zirnsak*, 777 F.3d at 618 (considering whether the jobs identified by the vocational expert were only representative samples, and not an exhaustive list, when determining whether failure to inquire about or reconcile a conflict is harmless); *Jones*, 364 F.3d at 506. For all these reasons, the Court cannot conclude that substantial evidence supports the decision of the ALJ, who bears the burden, at step five. Based on this record, therefore, remand is appropriate to further address this matter at step five. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("Remand aligns with the Third Circuit's directive that there is an affirmative duty on the part of the ALJ to inquire about conflicts between VE testimony and the DOT. . . . While this is not a direct contradiction with information contained in the DOT, it furthers the Court's reasoning that remand is required to ensure that the VE's testimony was given with clarity and was consistent with a sufficient factual basis for all claims.") (citations omitted); *Fuller v. Berryhill*, No. CV 15-538, 2017 WL 1156747, at *8 (D. Del. Mar. 28, 2017) ("Hence, the Court concludes that the proper outcome is to remand to allow the Commissioner to determine if there is a conflict, and if so, to explain how (if at all) it may be resolved. The Court is not prepared to conclude on the basis of the current record that error, if there was any, was harmless."). "On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation." *Zuschlag*, 2020 WL 5525578, at *8.[8]

---

[8] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of step five and vocational expert testimony, the Court does not consider those claims.

15

## V.    CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  April 15, 2021                           *s/Norah McCann King*
                                        NORAH McCANN KING
                                        UNITED STATES MAGISTRATE JUDGE

16